W. WARREN *v.* R. FARQUAHARSON, *et al.*

CHANCERY JURISDICTION. *Void decree.* A purchaser of land at Chancery sale ceases to be a party to the cause in which he purchases upon obtaining title thereto, and paying the purchase notes or judgment based thereon, and is not affected by the subsequent proceedings therein without further notice. A decree in the cause setting aside satisfaction of a judgment on such notes, and reviving the same against the purchaser three years after the entry of satisfaction on the execution docket, is, as to him, a nullity where it appears that the purchaser had no notice of the decree, or the proceedings upon which it was founded.

FROM LINCOLN.

Appeal from the Chancery Court. A. S. MARKS, Chancellor.

LAMB & TILLMAN for complainant.

KERCHEVAL for defendant.

McFARLAND, J., delivered the opinion of the Court.

The bill alleges in substance, that a judgment by motion was rendered against the complainant and others at the February Term, 1861, of the Chancery Court at Fayetteville, in favor of Farquaharson, Clerk and Master, for $269 59. That judgment was rendered upon a note given by complainant for the purchase of land sold in the case of Prosser, Administrator, *v.*

Gamon's heirs.    That afterwards, on the 21st of November, 1862, he paid the judgment in full to McCord, the Deputy Clerk and Master, and satisfaction was entered in due form upon the execution docket.    That notwithstanding this, another execution has been issued for the amount of the same judgment, which the bill prays may be perpetually enjoined.

The representations of the Clerk and Master admits the allegations, but say that the payments of the judgments to McCord were in Confederate treasury notes. The answer of the other parties simply put the allegations of the bill in issue.

Upon the hearing, portions of the record in the original case were read, among other things a decree rendered in the cause on the 1st of March, 1866. This decree sets out a report of the Clerk and Master, made, as we infer, to that Term of the Court, but no date is shown as to when it was made or filed.    This report sets out in brief the judgment of the February Term, 1861, against Warren and his sureties for $269 59, and then reports that Warren, on the 21st of November, 1862, attempted to pay this judgment by delivering $300 10 at his office in Confederate treasury notes, which, by a subsequent general order of the Chancellor, were invested, so far as could be done, in Confederate bonds.

The decree shows that this report was excepted to on the ground that the payment being in Confederate treasury notes, was void, and upon argument of counsel, the Court was pleased so sustain the exception, set aside

the satisfaction, revive the judgment of February, 1861, and award execution. Upon this record the Chancellor dismissed the present bill, and the complainant has appealed.

It is not insisted that the payment and satisfaction of the judgment on the 21st of November, 1862, was not, in fact, valid, but it is argued that the decree of the 1st of March, 1866, not being appealed from, or otherwise sought to be reviewed directly, is conclusive. No allusion is made to this decree in the bill or answer in the present case; it was not pleaded or relied upon as a bar, but simply relied upon as evidence, but was read without objection.

The question is, was Warren so before the Court when this decree was rendered as to be bound by it. It is well settled that a purchaser of land at a Chancery sale, giving his notes for the purchase money, becomes a *quasi* party to the case for certain purposes, that is, judgment may be rendered on the note against him without further notice, and such decree rendered as will enforce payment or perfect his title; but he is not a party to the case for all purposes, or for any purpose beyond what is necessary for that general purpose. When he pays and satisfies his notes, or the judgments rendered thereon, and has obtained his title, we are unable to see that he is any longer a party to the cause, or bound to take notice of subsequent proceedings.

The decree of the 1st of March, 1866, was made more than three years after the judgment was paid

and fully satisfied, and the satisfaction duly entered. It was founded upon the report of the Clerk and Master, made without any order or decree directing a report, and made, so far as appears, without notice to the parties.

There is nothing to show that Warren had any notice of this report, or the proceedings thereunder. The decree shows that the report was excepted to, but this exception was by the complainants in the original cause, as is manifest from the character of the exception. The decree shows that argument of counsel was heard, but we will not presume, in the absence of any thing to indicate it, that Warren was represented by counsel. We hold that the Court had no jurisdiction, so far as Warren was concerned, to set aside the satisfaction, and revive the former judgment, without notice of any suit to him, or without giving him a day in Court. If the Court could do this without notice three years after the satisfaction was entered, it might be done ten years after. We think this decree is no bar to the relief sought.

The decree of the Chancellor will be reversed, and a decree entered for the complainants, with costs.